# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JOSHUA J. KELLER, | : | |
| Plaintiff, | : | Case No. 3:14cv00362 |
| | : | District Judge Thomas M. Rose |
| vs. | | Chief Magistrate Judge Sharon L. Ovington |
| | : | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

On October 24, 2014, Plaintiff filed a Complaint in this Court seeking judicial review from a final decision issued by the Commissioner of the Social Security Administration.  Plaintiff, however, did not file a Statement of Errors in response to Defendant's Answer as required by the Sixth Amended Magistrate Judges' General Order No. 11.  Consequently, on April 23, 2015, the Court Ordered Plaintiff to Show Cause – not later than May 8, 2015 – why the Complaint should not be dismissed due to failure to prosecute and failure to file the required Statement of Errors.  (Doc. #7).  Plaintiff was warned that "[f]ailure to file a Statement of Errors, request an extension of time, or otherwise respond, may result in dismissal of this case for failure to prosecute."

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

Plaintiff subsequently requested, and was granted, and extension of time to file his Statement of Errors until June 8, 2015.  *See* Doc. #8 and Notation Order dated 5/8/2015.  Despite the additional 30 days provided to Plaintiff, he has not, to date, filed a Statement of Errors.  The Court finds that Plaintiff has engaged in a clear pattern of delay by not timely filing a Statement of Errors.  Plaintiff has not submitted any explanation for this recent failure nor requested an additional extension of time.  Absent such an explanation, and in light of the above circumstances, Plaintiff's clear pattern of delay warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).


June 15, 2015

                                                s/Sharon L. Ovington
                                                Sharon L. Ovington
                                  Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).